UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**07 1247**

---------------------------------------------------------------x

NICOLE RODERICK,

      Plaintiff,

-against-                                 COMPLAINT


COHEN & SLAMOWITZ, LLP,

      Defendant.      WALL. M.J.

---------------------------------------------------------------x

## INTRODUCTION

1. This is an action for actual and statutory damages brought by the plaintiff NICOLE RODERICK, an individual consumer, against defendant COHEN & SLAMOWITZ, LLP ("Defendant" or "COHEN & SLAMOWITZ") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. Defendant violated the Act by knowingly bringing a legal action against the plaintiff in an improper judicial district and failing to provide the plaintiff with notice of that lawsuit. Despite knowledge of its unlawful activities, defendants continued to take advantage of their illegal conduct by obtaining a default judgment against plaintiff and placing liens on the plaintiff's bank accounts.

## JURISDICTION

2.   Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.  This Court has supplemental jurisdiction of the state law claims asserted herein under 28 U.S.C. § 1367(a) and pendant jurisdiction over the state common law claims asserted herein.  Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3.   Plaintiff NICOLE RODERICK ("plaintiff" or "Ms. Roderick") is a natural person residing in Brooklyn, NY.

4.   Defendant COHEN & SLAMOWITZ, LLP is a New York corporation engaged in the business of collecting debts in this state with its principal place of business located in Woodbury, New York.  Defendant regularly attempts to collect debts allegedly due to another, and is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6).

## FACTUAL ALLEGATIONS

5.   On or around October 5, 2005 defendant law firm COHEN & SLAMOWITZ, filed a collection lawsuit on behalf of Discover Bank against the plaintiff in the Suffolk County District Court, First District: Ronkokoma, Index No. 13487/05.  The lawsuit stated that the basis of the venue was "defendant's residence."

6. At the time the lawsuit was filed Ms. Roderick resided in Brooklyn, NY. Defendant Cohen & Slamowitz was aware of that fact at all relevant times, and in fact mailed the plaintiff a letter to her Brooklyn address on January 6, 2006.

7. Despite it's knowledge of the plaintiff's Brooklyn residency, defendant purportedly attempted to serve plaintiff with notice of the lawsuit at an address in Melville, New York which defendant knew was no longer valid. Defendant never attempted to serve the plaintiff at her current residence in Brooklyn, and the plaintiff did not get actual notice of the lawsuit until her bank account was restrained.

8. After falsely informing the Suffolk County District Court that Ms. Roderick had been served with a copy of the lawsuit, defendants obtained a default judgment against Ms. Roderick in the amount of $6,843.73 on February 1, 2006.

9. On or about March 24, 2006 defendants obtained a restraining order against the plaintiff's bank account with Washington Mutual Bank.

10. On March 24, 2006 Washington Mutual Bank wrote to the plaintiff and informed her that her bank account had been frozen.

11. The plaintiff did not realize that she had been sued by the defendant until learning that her bank account had been frozen shortly after March 24, 2006.

12. On March 27, 2006 the plaintiff called defendant and spoke with a supervisor to whom she explained that she had never received any notice of the Discover Bank lawsuit, and that she had not resided in Suffolk County for over six years. Defendant refused to release the lien on the plaintiff's bank account, refused to vacate the default judgment and generally refused to cooperate with the plaintiff.

13. On April 5, 2006, despite its clear knowledge that it had sued Ms. Roderick in an improper judicial forum and failed to provide her with any notice of that lawsuit prior to taking a default judgment against her, the defendant placed a lien upon the plaintiff's Citibank Bank Account. Defendant has at all times refused to release that lien on the plaintiff's bank account.

## FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

14. The plaintiff hereby realleges in incorporates by reference each of the above allegations.

15. The plaintiff is a "consumer" as that term is used in 15 U.S.C. § 1692a(3).

16. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

17. The alleged debt underlying the plaintiff's complaint is a "debt" within the meaning of 15 U.S.C. § 1692a(5).

18. Defendant violated 15 U.S.C. § 1692i(a)(2) by bringing and continuing to maintain a legal action against the plaintiff in an improper judicial district.

19. Defendant violated 15 U.S.C. §§ 1692e and e(10) by falsely informing the Suffolk County District Court that the plaintiff was properly served with notice of the lawsuit when in fact it knew or had reason to know that the plaintiff had never received any legal or actual notice of the lawsuit.

20. Defendant violated 15 U.S.C. §§ 1692f and 1692f(1) by obtaining a default judgment and restraining the plaintiff's Washington Mutual and Citibank bank accounts when it knew that it had sued the plaintiff in an improper judicial district and had failed to provide the plaintiff with actual or legal notice of that lawsuit.

21. The plaintiff is entitled to an award of actual and statutory damages for the defendant's unlawful conduct, in addition to an award of costs and attorney's fees, pursuant to 15 U.S.C. § 1692k.

## SECOND CAUSE OF ACTION
## ABUSE OF PROCESS

22. The plaintiff hereby realleges in incorporates by reference each of the allegations alleged above.

23. The default judgement and restraint of the plaintiff's bank accounts constituted regularly issued civil processes which interfered with the plaintiff's property.

24. The defendant obtained the default judgement and restraint with the intent of harming plaintiff without excuse or justification.

25. The defendant used the default judgment and restraint of the plaintiffs bank account in a perverted manner to obtain a collateral objective. Specifically, the defendant unlawfully took the default judgment unlawfully restrained her bank accounts to both seize the plaintiff's property without justification and also to use as leverage to coerce the defendant into agreeing to settle her claims with the defendant.

26. As a direct and proximate result of such conduct, the plaintiff suffered actual economic damages and emotional distress.

27. Defendant is liable to the plaintiff for the actual damages she has sustained by reason of such conduct.

28. The plaintiff is entitled to an award of punitive damages from the defendant in an amount sufficient to punish it for its conduct as well as to serve as a deterrent to it and to others to prevent the occurrence of such egregious conduct in the future.

**WHEREFORE,** the plaintiff respectfully requests that judgment be entered as follows:

A. Awarding the plaintiff actual damages pursuant to 15 USC § 1692k(a)(1).

B. Awarding the plaintiff statutory damages pursuant to 15 USC § 1692k(a)(2)(A).

C. Awarding the plaintiff attorney's fees and costs pursuant to 15 USC § 1692k(a)(3).

D. Awarding the plaintiff actual and punitive damages pursuant to the second cause of action;

E. Granting such other and further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Please take notice that the plaintiff hereby demands trial by jury in this action.

Dated: March 23, 2007
       New York, NY

*[signature]*

Kevin C. Mallon (kcm 4798)
Fishman & Neil, LLP
305 Broadway, Suite 900
New York, NY 10007
(212) 822-1474
Attorneys for Plaintiff